===================================================================

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

===================================================================

RONALD LEE KING,
Plaintiff,

v.

OFFICER MICHAEL MANNING, Badge No. 9947;
OFFICER JEFFREY VETTER, Badge No. 6643;
SERGEANT JONATHAN P. CINCILLA, Badge No. 6079;
OFFICER GONZALEZ-CARDONA;
OFFICER SCHWAABLE, Unit 462;
POLICE OFFICER J. FASSNACHT, Badge No. 9943;
POLICE OFFICER MICHAEL P. GETTLER, Badge No. 6823;
JUDICIAL OFFICER KAMAL WILLIAMS;
CHARLES CENTINARO, ESQ.;
JEFFREY C. MCELWEE, JR., Attorney ID No. 279262018;
MERCER COUNTY PROSECUTOR'S OFFICE; and
MERCER COUNTY,
Defendants.

RECEIVED

JUN – 1 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

===================================================================

CIVIL ACTION NO. [TO BE ASSIGNED BY CLERK]

===================================================================

COMPLAINT

DEMAND FOR JURY TRIAL

===================================================================

INTRODUCTION

1. This is an action for damages arising from the false arrest, unlawful pretrial detention for fourteen (14) months, coerced statements, ineffective assistance of counsel, and systematic violation of constitutional rights by law enforcement officers, judicial officers, prosecutors, and defense counsel under color of law in Mercer County, New Jersey.

2. Plaintiff Ronald Lee King, an African American male, was subjected to a manufactured traffic stop, fraudulent K9 alert, fabricated drug charges, perjured warrant affidavits, and fourteen months of pretrial detention without legitimate probable cause, all while his court-appointed attorney

abandoned him and the Prosecutor's Office concealed exculpatory evidence.

3. This case presents a textbook example of constitutional violations that shock the conscience, including:
   a. A K9 "alert" manufactured by an officer whose dog was certified for narcotics detection only, with "No Patrol Work" authorization;
   b. A judicial officer who approved a search warrant without verifying the perjured affidavit;
   c. A prosecutor who continued prosecution for months after laboratory testing confirmed NO CONTROLLED DANGEROUS SUBSTANCES;
   d. Defense counsel who ignored seven (7) faxed communications, refused to call the K9 handler to testify, and failed to object when the prosecutor pivoted to a new theory of probable cause at suppression hearing; and
   e. Institutional policies and customs of Mercer County that enabled and encouraged these violations.

4. Plaintiff seeks compensatory damages, punitive damages, attorney fees, and declaratory relief for violations of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, 18 U.S.C. § 242, and 18 U.S.C. § 241, as well as state law claims for false imprisonment, legal malpractice, official misconduct, and fraudulent complaint-warrant.

==================================================================================

PARTIES

PLAINTIFF

5. Ronald Lee King is an individual residing at the Rescue Mission, Trenton, Mercer County, New Jersey. Mr. King was thirty-nine (39) years of age at the time of the events described herein. Mr. King is the founder of AASOTU Media Group LLC, established January 8, 2026.

INDIVIDUAL DEFENDANTS

6. Officer Michael Manning (Badge No. 9947) is and was at all relevant times a police officer employed by the City of Trenton, Mercer County, New Jersey. Officer Manning executed the traffic stop, prepared the fraudulent complaint-warrant, and perjured himself in the affidavit of probable cause.

7. Officer Jeffrey Vetter (Badge No. 6643) is and was at all relevant times a police officer and K9 handler employed by the City of Trenton, Mercer

County, New Jersey. Officer Vetter manufactured a K9 alert with his dog "Indy," who was certified for narcotics detection ONLY and explicitly prohibited from "Patrol Work."

8. Sergeant Jonathan P. Cincilla (Badge No. 6079) is and was at all relevant times a police sergeant employed by the City of Trenton, Mercer County, New Jersey. Sergeant Cincilla approved the fraudulent K9 report prepared by Officer Vetter.

9. Officer Gonzalez-Cardona is and was at all relevant times a police officer employed by the City of Trenton, Mercer County, New Jersey, and arrived on the scene during the unlawful detention.

10. Officer Schwaable (Unit 462) is and was at all relevant times a police officer employed by the City of Trenton, Mercer County, New Jersey, and transported Mr. King following the arrest.

11. Police Officer J. Fassnacht (Badge No. 9943) is and was at all relevant times a police officer employed by the City of Trenton, Mercer County, New Jersey, and counted currency seized from the vehicle.

12. Police Officer Michael P. Gettler (Badge No. 6823) is and was at all relevant times a police officer employed by the City of Trenton, Mercer County, New Jersey, and served as the seizing officer.

13. Judicial Officer Kamal Williams is and was at all relevant times a judicial officer in Mercer County, New Jersey, who approved the search warrant based on Officer Manning's perjured affidavit without independent verification.

14. Charles Centinaro, Esq. is and was at all relevant times an attorney licensed to practice law in the State of New Jersey who was appointed to represent Mr. King. Centinaro abandoned his client, ignored seven (7) faxed communications containing exculpatory evidence and legal strategy, refused to subpoena Officer Vetter, and failed to object when the prosecutor pivoted to an alternative theory of probable cause at the suppression hearing.

15. Jeffrey C. McElwee, Jr. (Attorney ID No. 279262018) is and was at all relevant times an Assistant Prosecutor employed by the Mercer County Prosecutor's Office. McElwee continued prosecution for months after receiving the NJSP laboratory report confirming NO CONTROLLED DANGEROUS SUBSTANCES, concealed this exculpatory evidence from the defense, and filed an opposition brief on December 26, 2024, admitting in Footnote 6 that "no CDS" was found.

INSTITUTIONAL DEFENDANTS

16. Mercer County Prosecutor's Office is a governmental entity responsible for criminal prosecution in Mercer County, New Jersey. The Office maintains policies, customs, and practices that encourage or tolerate Brady violations, continued prosecution after exculpatory lab results, and obstruction of defense access to evidence.

17. Mercer County is a political subdivision of the State of New Jersey. The County maintains policies, customs, and practices regarding law enforcement training, K9 certification verification, warrant review procedures, and indigent defense that directly caused the constitutional violations alleged herein.

===============================================================================

JURISDICTION AND VENUE

18. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights). Supplemental jurisdiction exists over state law claims pursuant to 28 U.S.C. § 1367.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in Mercer County, New Jersey, within the Trenton Division of this District.

===============================================================================

FACTUAL BACKGROUND

THE TRAFFIC STOP AND MANUFACTURED PROBABLE CAUSE

20. On or about June 15, 2024, Plaintiff Ronald Lee King was a passenger in a vehicle lawfully traveling in Mercer County, New Jersey.

21. Officer Michael Manning initiated a traffic stop of the vehicle. The stated basis for the stop was pretextual and manufactured.

22. Officer Jeffrey Vetter arrived on scene with his K9 partner, "Indy." Officer Vetter represented that Indy "alerted" to the presence of narcotics in the vehicle, providing purported probable cause for a search.

23. In fact, Indy NEVER ALERTED. Body camera footage (Exhibit G) conclusively demonstrates that the K9 did not perform a valid alert. Officer Vetter manufactured the alert through handler cues and false reporting.

24. Officer Vetter's K9 certification documents (Exhibits O, P, Q, R) establish that:
   a. Indy was certified for NARCOTICS DETECTION ONLY;
   b. Indy's certification EXPLICITLY stated "No Patrol Work";
   c. Indy had NO patrol certification in 2022, 2023, or 2024;
   d. The City of Trenton dog license (January 17, 2024) identified Indy as a "narcotics K9," not a patrol or dual-purpose dog.

25. Officer Vetter's case supplemental report (Exhibit A) contains perjured statements, including false claims about an "exterior sniff" that never occurred as described.

26. Sergeant Jonathan P. Cincilla reviewed and approved Officer Vetter's fraudulent K9 report, certifying its accuracy despite knowing or being recklessly indifferent to its falsity.

THE PERJURED WARRANT AND JUDICIAL APPROVAL

27. Officer Michael Manning prepared a complaint-warrant affidavit that contained multiple material falsehoods, including:
   a. Fabricated drug charges that were later disproven by laboratory testing;
   b. False statements about the K9 alert and the circumstances of the search;
   c. Misrepresentations about evidence seized and its connection to Mr. King.

28. Judicial Officer Kamal Williams approved the search warrant based on Officer Manning's affidavit without conducting any independent verification or inquiry into the manifest inconsistencies and fabrications contained therein.

29. The warrant affidavit was so facially deficient that no reasonable judicial officer would have approved it had any diligence been exercised.

THE UNLAWFUL SEARCH AND SEIZURE

30. Officers searched the vehicle and seized items, including a firearm located under the passenger seat. All evidence was seized from the DRIVER'S area and possessions, not from Mr. King (Exhibit E).

31. Mr. King was arrested, handcuffed, and transported by Officer Schwaable to Mercer County Correctional Center.

32. Mr. King was charged with multiple offenses based on the fabricated evidence and perjured warrant.

THE FOURTEEN-MONTH PRETRIAL DETENTION WITHOUT LEGITIMATE PROBABLE CAUSE

33. Mr. King was held in pretrial detention at Mercer County Correctional Center for FOURTEEN (14) MONTHS — from June 15, 2024, until July 18, 2025.

34. On August 5, 2024, the New Jersey State Police Laboratory issued Drug Analysis Report No. C24-01417 (Exhibit D), which conclusively stated:

NO CONTROLLED DANGEROUS SUBSTANCES WERE FOUND.

35. The laboratory report was issued to the Mercer County Prosecutor's Office on August 28, 2024 (Exhibit L).

36. Despite receiving this exculpatory evidence, the Mercer County Prosecutor's Office, through Assistant Prosecutor Jeffrey C. McElwee, Jr., CONTINUED PROSECUTION for an additional TEN (10) MONTHS.

37. On December 26, 2024, McElwee filed an opposition brief to Mr. King's motion to suppress, ADMITTING IN FOOTNOTE 6 that "no CDS" was found — yet arguing that the prosecution should continue based on an alternative theory of "pre-K9 probable cause" that was never previously asserted.

38. This fourteen-month pretrial detention without legitimate probable cause violates the standard established in Manuel v. City of Joliet, 580 U.S. ___ (2017), where the Supreme Court held that pretrial detention without probable cause gives rise to a Fourth Amendment claim for the entire period of confinement.

THE ABANDONMENT BY DEFENSE COUNSEL

39. On January 7, 2025, Charles Centinaro filed a motion to suppress that contained strong arguments challenging the K9 search and the warrant.

40. However, at the suppression hearing in January 2025, when Prosecutor McElwee pivoted to the new "pre-K9 probable cause" theory, Centinaro:
   a. FAILED TO OBJECT to the prosecutor's untimely and improper shift in legal theory;
   b. FAILED TO CALL Officer Vetter to testify, despite Mr. King's explicit requests and the centrality of Vetter's K9 fraud to the suppression motion;

  c. FAILED TO CROSS-EXAMINE the prosecution's witnesses on the K9
   certification deficiencies;
  d. FAILED TO INTRODUCE the laboratory report or K9 certification documents
   as impeachment evidence.

41. Between April 26, 2025, and July 9, 2025, Mr. King faxed SEVEN (7)
separate communications to Centinaro (Exhibits J, S), including:
  a. Motion strategy and legal research;
  b. Explicit requests for Officer Vetter's testimony;
  c. Body camera timestamp analysis (47:16, Code 936);
  d. Probable cause violation analysis;
  e. Rule 14 severance arguments based on United States v. Blue;
  f. Bail hearing requests (repeated over six months).

42. Centinaro IGNORED ALL SEVEN communications. On May 19, 2025, when
Mr. King explicitly requested Vetter's testimony, Centinaro stated:
"Denied me and told me No."

43. Centinaro never conducted any independent investigation, never
interviewed exculpatory witnesses, and never reviewed the body camera
footage with any care.

THE COERCED STATEMENT AND DISMISSAL

44. On July 18, 2025, after fourteen months of unlawful detention, Mr. King
was coerced into giving a statement in exchange for his release. Mr. King
gave the statement under duress, with the understanding that refusal would
result in continued unlawful detention.

45. Mr. King was released the same day. The charges were DISMISSED.

46. The coerced statement was the product of unconstitutional compulsion
under the Fifth and Fourteenth Amendments.

THE JAIL CONDITIONS AND DELIBERATE INDIFFERENCE

47. During the fourteen-month detention, Mr. King was exposed to
contaminated water at Mercer County Correctional Center.

48. Environmental Working Group data shows the facility's water contained:
 - PFOS: 17.0 ppt (57 times the health guideline)
 - PFOA: 6.65 ppt (74 times the health guideline)
 - Nitrate: 1.67 ppm (12 times the health guideline)

49. PFAS chemicals are known to cause serious health effects including cancer, liver damage, thyroid disease, and developmental harm. The County's provision of water containing PFAS and nitrate contaminants at levels dangerously exceeding health guidelines constitutes deliberate indifference to a known risk of serious harm to detainees in violation of the Eighth Amendment.

===============================================================================

CLAIMS FOR RELIEF

COUNT ONE
(Fourth Amendment — Unreasonable Search and Seizure)

50. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

51. The traffic stop, K9 search, warrant execution, and arrest were conducted without legitimate probable cause and were unreasonable under the Fourth Amendment.

52. Officer Manning, Officer Vetter, Sergeant Cincilla, Officer Gonzalez-Cardona, Officer Schwaable, Officer Fassnacht, and Officer Gettler are liable for the unconstitutional search and seizure under 42 U.S.C. § 1983 and 18 U.S.C. § 242.

COUNT TWO
(Fourth Amendment — Pretrial Detention Without Legitimate Probable Cause)

53. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

54. Mr. King's fourteen-month pretrial detention, after the laboratory confirmed NO CONTROLLED DANGEROUS SUBSTANCES on August 5, 2024, was unlawful pretrial detention without probable cause in violation of the Fourth Amendment.

55. Under Manuel v. City of Joliet, 580 U.S. ___ (2017), pretrial detention without probable cause gives rise to a Fourth Amendment claim for the entire period of confinement.

56. All Individual Defendants who participated in the arrest, charging, and detention are liable. Mercer County and the Prosecutor's Office are liable under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), for

policies and customs that enabled this violation.

COUNT THREE
(Fifth Amendment — Coerced Statement)

57. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

58. The statement extracted from Mr. King on July 18, 2025, was the product of unconstitutional coercion. Mr. King was told, in substance, that he would not be released unless he provided the statement.

59. After fourteen months of unlawful detention, this compulsion violated the Fifth Amendment privilege against self-incrimination, incorporated against the states through the Fourteenth Amendment.

60. Officer Manning, the Prosecutor's Office, and Mercer County are liable for this violation.

COUNT FOUR
(Sixth Amendment — Ineffective Assistance of Counsel)

61. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

62. Charles Centinaro's representation fell below objective standards of reasonableness under Strickland v. Washington, 466 U.S. 668 (1984):
   a. Failure to investigate the K9 certification deficiencies;
   b. Failure to call Officer Vetter as a witness despite explicit client requests and the centrality of K9 fraud to the defense;
   c. Failure to object to the prosecutor's improper shift to "pre-K9 probable cause" theory;
   d. Failure to introduce exculpatory laboratory evidence;
   e. Failure to respond to seven (7) client communications containing exculpatory evidence and legal strategy;
   f. Failure to file a bail motion despite six months of client requests.

63. There is a reasonable probability that but for Centinaro's deficient performance, the result of the proceedings would have been different — specifically, the suppression motion would have been granted, the unlawful detention would have ended months earlier, and the charges would have been dismissed without a coerced statement.

COUNT FIVE

(Fourteenth Amendment — Due Process)

64. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

65. The systematic concealment of exculpatory evidence, the continued prosecution after laboratory testing disproved the charges, the judicial approval of a perjured warrant, and the abandonment by defense counsel deprived Mr. King of liberty without due process of law.

66. All Defendants are liable for this violation.

COUNT SIX
(18 U.S.C. § 242 — Deprivation of Rights Under Color of Law)

67. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

68. Officers Manning, Vetter, Cincilla, Gonzalez-Cardona, Schwaable, Fassnacht, and Gettler, acting under color of state law, willfully subjected Mr. King to the deprivation of rights secured by the Constitution and laws of the United States.

69. Judicial Officer Williams, acting under color of law, willfully approved a warrant based on perjured statements, depriving Mr. King of his Fourth Amendment rights.

70. Prosecutor McElwee, acting under color of law, willfully continued prosecution and concealed exculpatory evidence, depriving Mr. King of his due process rights.

71. Centinaro, acting under color of his state-appointed authority, willfully abandoned his client, depriving Mr. King of his Sixth Amendment rights.

COUNT SEVEN
(State Law — Legal Malpractice)

72. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

73. Charles Centinaro owed Mr. King a duty of competent representation. Centinaro breached that duty by:
   a. Failing to investigate material facts;

b. Ignoring client communications containing exculpatory evidence;

c. Refusing to call a central witness despite explicit requests;

d. Failing to object to improper prosecutorial arguments;

e. Abandoning the client during critical proceedings.

74. This breach proximately caused Mr. King fourteen months of unlawful detention, loss of liberty, emotional distress, and economic damages.

COUNT EIGHT
(State Law — False Imprisonment)

75. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

76. Mr. King's fourteen-month detention at Mercer County Correctional Center was unlawful from its inception due to manufactured probable cause, perjured warrant affidavits, and continued detention after exculpatory evidence emerged.

77. All law enforcement defendants, Mercer County, and the Prosecutor's Office are liable for false imprisonment under New Jersey law.

COUNT NINE
(Brady Violation — Due Process)

78. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

79. Under Brady v. Maryland, 373 U.S. 83 (1963), the prosecution has a constitutional duty to disclose exculpatory evidence to the defense.

80. The Mercer County Prosecutor's Office, through Assistant Prosecutor McElwee, VIOLATED this duty by:
   a. Failing to disclose the August 5, 2024 laboratory report promptly;
   b. Continuing prosecution for ten months after receiving the report;
   c. Concealing the report's significance in opposition briefing;
   d. Admitting "no CDS" only in Footnote 6 of a December 26, 2024 brief, rather than dismissing the charges immediately.

81. This Brady violation caused Mr. King to suffer continued unlawful detention, emotional distress, and deprivation of liberty.

COUNT TEN
(Fraudulent Complaint-Warrant — N.J.S.A. 2C:28-3)

82. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

83. Officer Manning knowingly filed a complaint-warrant containing false statements and fabricated charges, in violation of N.J.S.A. 2C:28-3.

84. Judicial Officer Williams knowingly approved the fraudulent complaint-warrant without verification.

COUNT ELEVEN
(Official Misconduct — N.J.S.A. 2C:30-2)

85. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

86. Officers Manning, Vetter, and Cincilla, as public servants, committed acts relating to their office constituting an unauthorized exercise of their official functions, with purpose to benefit themselves or another, or to injure or deprive another of a benefit, in violation of N.J.S.A. 2C:30-2.

COUNT TWELVE
(Conspiracy to Violate Civil Rights — 18 U.S.C. § 241)

87. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

88. Two or more persons, including Officers Manning, Vetter, and Cincilla, Judicial Officer Williams, Prosecutor McElwee, and defense counsel Centinaro, conspired to injure, oppress, threaten, or intimidate Mr. King in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States.

89. The conspiracy included:
   a. Manufacturing a K9 alert to create false probable cause;
   b. Preparing and filing a perjured warrant affidavit;
   c. Approving the warrant without verification;
   d. Concealing exculpatory laboratory evidence;
   e. Continuing prosecution after the charges were disproven;
   f. Abandoning the defense to ensure the unlawful detention continued.

COUNT THIRTEEN
(Unlawful Search Beyond Handler Certification)

90. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

91. Officer Vetter deployed his K9, Indy, for a vehicle search beyond the scope of Indy's certification. Indy was certified for NARCOTICS DETECTION ONLY, with explicit prohibition on "Patrol Work."

92. A vehicle search for general criminal evidence, including firearms, exceeds the scope of narcotics-only certification. Officer Vetter knew or should have known that deploying Indy for this purpose was unauthorized and unlawful.

COUNT FOURTEEN
(Abandonment by Counsel — Sixth Amendment)

93. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

94. Charles Centinaro's abandonment of Mr. King — ignoring seven communications, refusing to call witnesses, failing to object, and providing no meaningful advocacy — constituted a complete denial of the Sixth Amendment right to counsel.

95. Under United States v. Cronic, 466 U.S. 648 (1984), when counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, denial of the Sixth Amendment is complete, and prejudice is presumed.

COUNT FIFTEEN
(Denial of Access to Evidence — Due Process)

96. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

97. Under Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978), and the common law right of access to judicial records, Mr. King was entitled to access evidence in his own criminal case.

98. The Prosecutor's Office and Mercer County denied Mr. King access to:
   a. Complete body camera footage;
   b. K9 certification records;
   c. Laboratory reports in a timely manner;
   d. Internal Affairs records related to the K9 fraud.

99. This denial frustrated Mr. King's ability to prepare his defense and contributed to his prolonged unlawful detention.

COUNT SIXTEEN
(Eighth Amendment — Cruel and Unusual Punishment)

100. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

101. Mr. King was held for fourteen months in conditions at Mercer County Correctional Center where the water supply contained PFAS and nitrate contaminants at levels dangerously exceeding federal health guidelines. The County knew or should have known of these contaminants and failed to take corrective action.

102. The provision of contaminated water to detainees, with knowledge of the serious health risks including cancer, liver damage, and other harm, constitutes deliberate indifference to a known risk of serious harm in violation of the Eighth Amendment.

================================================================================

MONELL LIABILITY

103. Mercer County and the Mercer County Prosecutor's Office are liable under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), for constitutional violations resulting from their policies, customs, and practices, including:

   a. A custom or policy of failing to verify K9 certifications before relying on K9 alerts for probable cause;
   b. A custom or policy of approving warrant affidavits without independent judicial scrutiny;
   c. A custom or policy of continuing prosecution after receiving exculpatory laboratory evidence;
   d. A custom or policy of suppressing Brady material and concealing exculpatory evidence from defendants;
   e. A custom or policy of providing ineffective indigent defense through underfunded, overburdened appointed counsel;
   f. A custom or policy of ignoring prisoner grievances and failing to provide safe conditions of confinement including safe drinking water.

========================================================================

## DAMAGES

104. As a direct and proximate result of Defendants' unconstitutional and unlawful conduct, Plaintiff has suffered:

   a. FOURTEEN (14) MONTHS of unlawful pretrial detention;
   b. Loss of liberty, bodily integrity, and freedom of movement;
   c. Severe emotional distress, anxiety, depression, and PTSD;
   d. Loss of income and business opportunities, including the delayed launch of AASOTU Media Group LLC;
   e. Damage to reputation and standing in the community;
   f. Exposure to contaminated water with known carcinogenic and toxic effects;
   g. Loss of constitutional rights and dignity;
   h. Attorney fees and costs (to be determined if counsel is retained).

105. Plaintiff demands:

   COMPENSATORY DAMAGES: $2,500,000.00
   PUNITIVE DAMAGES: $3,000,000.00
   TOTAL DEMAND: $5,500,000.00

========================================================================

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ronald Lee King respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against all Defendants;
2. Award compensatory damages in the amount of $2,500,000.00;
3. Award punitive damages in the amount of $3,000,000.00;
4. Award attorney fees and costs pursuant to 42 U.S.C. § 1988;
5. Issue declaratory judgment that Defendants' conduct violated Plaintiff's constitutional rights;
6. Issue injunctive relief requiring Mercer County to reform its policies regarding K9 certification verification, warrant review, Brady compliance, and indigent defense;
7. Issue injunctive relief requiring Mercer County Correctional Center to remediate water contamination and provide safe drinking water to all detainees;
8. Award pre-judgment and post-judgment interest;
9. Grant such other and further relief as the Court may deem just

and proper.

========================================================================

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

========================================================================

Respectfully submitted this _2_ day of June, 2026.

RONALD LEE KING
Plaintiff, pro se
c/o Rescue Mission
Trenton, New Jersey 08618

========================================================================

END OF COMPLAINT
========================================================================